UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WESLEY RUBIN,

    Plaintiff,

v.

GOOD CLEAN VAPES, LLC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, WESLEY RUBIN, by and through his undersigned counsel, sues the Defendant, GOOD CLEAN VAPES, LLC., and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages and to remedy violations of the rights of MR. RUBIN under the Americans with Disabilities Act of 1990 ("ADA"), as amended including by the ADA Amendments Act of 2008, and the Florida Civil Rights Act of 1992 ("FCRA) to redress injuries done to him by the Defendant, GOOD CLEAN VAPES, LLC.

2.    The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the term of Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3.    At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4. As an individual with a disability, Plaintiff is a member of a protected class under the ADA and the FCRA because the terms, conditions, and privileges of his employment were altered because of his disability.

5. Defendant is a privately-owned business. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. At all times material hereto, Defendant has employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA and the FCRA.

7. At all times material hereto, Defendant was a covered employer within the meaning and contemplation of the ADA in that it employed more than 20 employees.

8. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

9. Plaintiff's charge was filed within 300 days after the last instance of discrimination occurred.

10. Plaintiff was issued a Notice of Right to Sue on April 10, 2019, but it was never delivered. Mr. Michael Farrell, District Director of the EEOC Miami District Office, issued a declaration on October 29, 2019. This suit is filed in accordance with the declaration and within the applicable ninety-day time limitation (a copy of the declaration is attached hereto as Exhibit "A").

11. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, preferred, or excused.

12. Plaintiff has retained the undersigned law firm as his legal counsel in connection with this action, and is obligated to pay reasonable attorney's fees and all costs incurred in connection with this action.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff worked for Defendant from approximately May 20, 2018 until he was wrongfully terminated on May 25, 2018.

14. Plaintiff's primary duties and responsibilities included stocking and selling products, using inventory software, and providing customer service. Plaintiff was qualified to perform his job duties and responsibilities in that he received training and/or had prior experience.

15. When the Plaintiff first began working for the Defendant, it knew of his disability. One of the Plaintiff's legs is amputated below the knee.

16. On May 21, 2018, at around 11 a.m., the Plaintiff was in training with Garrett Funkhouser, manager. Mr. Funkhouser was going over the rules with employees and told them not to sit too much on the chairs. He mentioned that the employees would be watched on cameras and if they sit too much then all the chairs would be taken away. The Plaintiff asked Mr. Funkhouser for a reasonable accommodation since one of his legs was amputated below the knee. The Plaintiff told him that he would need to be able to sit occasionally even if all the chairs were taken away. Mr. Funkhouser scoffed at the Plaintiff, laughed, and walked away.

17. After the Plaintiff requested this accommodation, things began to change. On May 23, 2018, towards the end of his shift, the owner, Neil Timmonds, gave the Plaintiff and another coworker, Danny Casper, some feedback about their performance. He gave Mr. Casper positive feedback but said the Plaintiff was confrontational when he asked him to do things and that the

Plaintiff mumbled things under his breath, both of which were not true. He also claimed that the Plaintiff was fighting over customers. The Plaintiff was very surprised by this feedback.

18. On May 24, 2018, at around 7 p.m., Mr. Timmonds had to leave the shop and, since Mr. Casper and the Plaintiff were two new employees, he called in Kat Hudson, an employee from another location, to supervise them. They were all working together and conversing back and forth. The Plaintiff told Ms. Hudson that he thought Mr. Funkhouser was a really cool guy. The Plaintiff also mentioned that Mr. Funkhouser had said he wanted to buy some new DJ equipment that was really expensive and that he owned headphones that cost $2,000.00. Ms. Hudson then responded with, "Yea, he's loaded. He helped me get my degree and now I am a LCSW at a treatment center." Then the Plaintiff responded with, "wow, that is awesome! I wish I had somebody to help me like that." It was a very fun and light conversation and they both laughed. This whole conversation literally happened as Ms. Hudson was playing Mario Cart on the Nintendo switch on one of the big TV's.

19. On May 25, 2018, at around 2 p.m., Mr. Timmonds called the Plaintiff and told him that he was fired. He claimed that Mr. Casper and the Plaintiff were bickering in front of customers. In reality, Mr. Casper and the Plaintiff were not in an argument but having a discussion. Mr. Casper wanted to punch a man's card four times for the one time he bought vape juice. The Plaintiff had told Mr. Caper that he was uncomfortable with him doing this since the Plaintiff was the one logged in and it would have been a breach of Defendant's policy. Defendant did not terminate Mr. Casper based on this alleged argument.

20. Mr. Timmonds also said that the Plaintiff was being fired for the comments he made about Mr. Funkhouser. Mr. Timmonds claimed that Ms. Hudson had said that the Plaintiff said Mr. Funkhouser has too much money and he's an egotistical bastard. The Plaintiff did not say

4

any of these things and Mr. Casper, who was also working with them that night, confirmed that what Mr. Timmonds alleged was not true. The Plaintiff asked Mr. Timmonds if he could come in and talk to him in person and work things out because the Plaintiff knew these accusations were false. He said no and then changed his story to claim that they had hired four people when they actually only needed three.

21.     Plaintiff has engaged the undersigned attorneys to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
**(Discrimination on the Basis of Disability)**

22.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

23.     The ADA forbids discrimination on the basis of disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

24.     Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

25.     At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate

commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

26. The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability and the need for a reasonable accommodation.

27. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

28. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

29. Plaintiff was qualified for the position.

30. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

31. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

32. Defendant scoffed, laughed, and walked away from the Plaintiff when he requested a reasonable accommodation and Defendant's failure to reasonably accommodate Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he had a disability.

33. After the Plaintiff requested a reasonable accommodation, the Defendant began to treat him differently including criticizing his work performance, attitude, and claiming he made distasteful comments about Mr. Funkhouser, all which are not true. The Defendant did not treat other non-disabled hires this way.

34. Any allegedly nondiscriminatory reason for the Defendant's discriminatory behavior towards the Plaintiff and failure to reasonably accommodate Plaintiff is a mere pretext

for the actual reasons for the discriminatory behavior and failure to reasonably accommodate Plaintiff; *inter alia* Plaintiff's disability.

35. As a result of Defendant's violation, Plaintiff has suffered damages.

36. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### **COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Disability)**

37. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here, and says:

38. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

39. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

40. At all relevant and material times, Defendant failed to comply with the FCRA.

41. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

42. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

43. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

44. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

45. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his disability in violation of the FCRA.

46. Defendant scoffed, laughed, and walked away from the Plaintiff when he requested a reasonable accommodation and Defendant's failure to reasonably accommodate Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he had a disability.

47. After the Plaintiff requested a reasonable accommodation, the Defendant began to treat him differently including criticizing his work performance, attitude, and claimed he made distasteful comments about Mr. Funkhouser, all which are not true. The Defendant did not treat other non-disabled hires this way.

48. Any allegedly nondiscriminatory reason for the Defendant's discriminatory behavior towards the Plaintiff and failure to reasonably accommodate Plaintiff is a mere pretext

for the actual reasons for the discriminatory behavior and failure to reasonably accommodate Plaintiff; *inter alia* Plaintiff's disability.

49. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his disability. The discrimination on the basis of disability constitutes unlawful discrimination.

50. As a result of Defendant's violation, Plaintiff has suffered damages.

51. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF ADA
**(Retaliation)**

52. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

53. Plaintiff suffered from a disability as that term is defined under the ADA.

54. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

55. Defendant is an employer as that term is defined under the ADA.

56. Defendant retaliated against Plaintiff for engaging in the protected activity of requesting a reasonable accommodation by *inter alia*, and terminating the Plaintiff.

57. As a result of Defendant's violation, Plaintiff has suffered damages.

58. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

59. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

60. Plaintiff suffered from a disability as that term is defined under the FCRA.

61. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

62. Defendant is an employer as that term is defined under the FCRA.

63. Defendant retaliated against Plaintiff for engaging in the protected activity of requesting a reasonable accommodation by *inter alia*, and terminating the Plaintiff.

64. As a result of Defendant's violation, Plaintiff has suffered damages.

65. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of January, 2020.

By: s/Michelle Cohen Levy
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff